## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Verretta Strickland,

             Plaintiff,

v.

Sun Country Airlines, Minnesota Airlines,
John Fredrickson, Matthew Hoiness,
David Johnson,

             Defendants.

Case No. 17-cv-5072 (JNE/TNL)

**REPORT AND
RECOMMENDATION**

---

Verretta Strickland, 1990 Fox Ridge Road, St. Paul, MN 55119 (pro se Plaintiff); and

Gregory J. Stenmoe & Jordan Weber, Briggs & Morgan, PA, South 80th Street, Suite 2200, Minneapolis, MN 55402 (for Defendants).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants Sun Country Airlines, Minnesota Airlines, John Fredrickson, Matthew Hoiness, and David Johnson's Motion to Dismiss. (ECF No. 11). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 15). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Defendants' motion be **GRANTED.**

## I.     FACTUAL & PROCEDURAL BACKGROUND

In March 2013, Plaintiff Verretta Strickland was terminated from her 27-year employment with Sun Country Airlines. Compl. ¶ 10, 13. (ECF No. 1). In May 2013, she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (ECF No. 12-1). There, she alleged that Minnesota Airlines LLC, d/b/a/ Sun Country, discriminated against her on the basis of race, color, sex, national origin, disability, and as retaliation for engaging in protected activity. She also alleged that Sun Country violated Title VII of the Civil Rights Act of 1964, as amended, and Titles I and V of the Americans with Disabilities Act ("ADA"), as amended.

On May 22, 2013, the EEOC sent Strickland a letter informing her that it was "not able to conclude that a violation of the statutes enforced by the EEOC occurred." (ECF No. 12-2). The EEOC further informed Strickland that it would issue her a Notice of Right to Sue and told her that she would lose her right to sue if she did not file a lawsuit within 90 days of receipt of her letter. The EEOC also issued Strickland a Dismissal and Notice of Rights, which indicated that any lawsuit based on Strickland's charge of discrimination "**must be filed WITHIN 90 DAYS of your receipt of this notice**." (emphasis in original).

On August 23, 2013, Strickland filed suit, alleging that Minnesota Airlines, Sun Country, Matthew Hoiness, and John Fredrickson violated Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. (*Strickland v. Sun Country, et al.*, No. 13-cv-2325, ECF No. 1). She also alleged that Sun Country unlawfully terminated her "without 'just cause'" and without providing her an opportunity to make a statement. Nearly seven months later, after no defendant appeared or filed a responsive pleading, the Court issued

an order giving Strickland 20 days to notify defendants to appear or move for an extension of time to do so, file an application for entry of default judgment, or advise the Court of good cause to the contrary. (*Strickland v. Sun Country*, No. 13-cv-2325, ECF No. 6). The Court subsequently granted Strickland a 30-day extension to comply with that order. (*Strickland v. Sun Country*, No. 13-cv-2325, ECF No. 9). On July 28, 2014, after no response from Strickland, the Court dismissed the action without prejudice for failure to prosecute. (*Strickland v. Sun Country*, No. 13-cv-2325, ECF No. 11).

In November 2017, Strickland again filed suit, this time asserting violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"). (ECF No. 1). Strickland's lawsuit, which names as defendants Sun Country Airlines, Minnesota Airlines, and Sun Country employees John Fredrickson, Matthew Hoiness, and David Johnson, appears to be based on the same Charge of Discrimination as her previous lawsuit. Defendants moved to dismiss those claims under Fed. R. Civ. P. 12(b)(6). (ECF No. 11).

## II.  MOTION TO DISMISS

### A.  Legal Standard

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted). "[I]f the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id*. (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

**B.  Strickland failed to exhaust administrative remedies for all claims and Defendants.**

Strickland seeks relief under both Title VII and the ADEA. Title VII prohibits employers from discharging or otherwise discriminating against any individual on the basis of that person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for any employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Both Title VII and the ADEA also prohibit an employer from harassing an individual on the basis of a protected characteristic. *See Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 922 (8th Cir. 2018) (discussing harassment claim under ADEA and ADA); *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005) (discussing harassment claim under Title VII);

The EEOC enforces both Title VII and the ADEA. 42 U.S.C. § 2000e-5(a); 29 U.S.C. § 626(a)-(b). As a result, before filing suit in federal court, a Title VII or ADEA plaintiff must show that she exhausted administrative remedies by filing a charge of discrimination with the EEOC within 300 days after the unlawful employment practice occurred and receiving notice of the right to sue. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996); *Anderson v. Unisys Corp.*, 47 F.3d 302, 304 n. 3 (8th Cir. 1995); 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). If the plaintiff does not exhaust her administrative remedies, the Court must dismiss the lawsuit. *See Parisi v. Boeing Co.*, 400 F.3d 583, 585-86 (8th Cir. 2005).

Here, Strickland alleged in her complaint that she filed a charge of discrimination with the EEOC and that she received notice of the right to sue. She did not attach a copy of either document to her complaint.[1] Though a court may not typically consider matters outside of the complaint when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may take judicial notice of items in the public record, including documents related to EEOC charges. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Faibisch v. U. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002). Thus, in considering Defendants' motion to dismiss, the Court takes judicial notice of Strickland's Charge of Discrimination, the Dismissal and Notice of Rights, and correspondence that the EEOC sent Strickland regarding her charge. (ECF Nos. 12-1 & 12-2). *See Walter v. Thrift Drug Stores, Inc.*, 2016 WL 1065812 *2, No. 15-cv-3684 (D. Minn. Mar. 16, 2016) (considering charge of discrimination, right-to-sue letter and documents attached to the complaint. The Court also takes judicial notice of documents filed in Strickland's previous lawsuit, *Strickland v. Sun Country*, No. 13-cv-2325. *See Hart v. C.I.R.*, 730 F.2d 1206, 1207 (8th Cir. 1984) (stating that federal courts may take judicial notice of proceedings in other courts if they relate directly to matters at issue).

In her May 2013 charge of discrimination, Strickland identified Minnesota Airlines, LLC, d/b/a/ Sun Country as the only employer that discriminated against her. She did not claim in her charge that Fredrickson, Hoiness, Johnson, or any other individual Sun

---

[1]Though Strickland does not identify the specific documents that she filed with the EEOC in 2013, she alleges that the conduct complained of in her suit occurred from June 2012 until March 2013. Compl. ¶ 5. She also refers to a charge of discrimination filed with the EEOC in March 2013. Compl. ¶ 6. Strickland does not, however, dispute in her memorandum that this action is related to her previous lawsuit and based on the same EEOC charge.

Country employee discriminated against her. In addition, Strickland did not raise an ADEA claim in her May 2013 charge of discrimination, nor allege that Sun Country discriminated against her on the basis of age. Because the 300-day time period to bring a charge of discrimination under Title VII or the ADEA has passed, the Court recommends that Strickland's ADEA claim as to all Defendants and that her Title VII claim as to Defendants Fredrickson, Hoiness, and Johnson be dismissed with prejudice for failure to exhaust administrative remedies.

### C. Strickland filed her lawsuit outside the 90-day statute of limitations.

As noted above, any person that wishes to bring a civil action under Title VII or the ADEA must first file a charge alleging unlawful discrimination with the EEOC. 42 U.S.C. § 2000e-5(b), (c) & (f); 29 U.S.C. § 626(d)(1). Once the EEOC concludes its investigation and notifies the complainant of her right to sue, the complainant has 90 days to file a lawsuit against the employer. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). A lawsuit filed more than 90 days after the plaintiff receives notice of her right to sue under Title VII and the ADEA is untimely and must be dismissed. *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949,* 309 F.3d 1051, 1054 (8th Cir. 2002); *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995).

Strickland filed her lawsuit well outside the ninety-day statute of limitations. She received notice from the EEOC of her right to sue on May 22, 2013. She did not bring this action until November 9, 2017. The fact that she timely filed a previous lawsuit based on the same EEOC charge of discrimination on August 23, 2013 does not toll the 90-day

statute of limitations because the Court dismissed that lawsuit without prejudice.[2] *See Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995) ("A dismissal without prejudice does not toll a statute of limitation."). Once a court dismisses a lawsuit without prejudice, "it is as if no suit had ever been filed." *Id*. Strickland's claims are therefore untimely.

Strickland contends in her memorandum that she could not pursue her previous lawsuit because she became extremely ill after she filed suit in August 2013. The 90-day statute of limitations "may be equitably tolled in appropriate circumstances." *Brinkman v. Nasseff Mechanical Contractors, Inc.*, 251 F. Supp. 3d 1266, 1274 (D. Minn. 2017) (considering equitable tolling claim under Title VII) (citation omitted). But to benefit from equitable tolling, a plaintiff must allege facts in her complaint that show she could not act in a timely manner. *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 527 (S.D.N.Y. 2015) (citation omitted).  A plaintiff cannot raise these allegations for the first time in her memorandum opposing a motion to dismiss. *Id*. And in her complaint, Strickland provides no information that would allow the Court to determine whether it is appropriate for her to invoke the equitable tolling doctrine. Thus, as pleaded, Strickland fails to demonstrate the statute of limitations should be tolled.

The Court would reach the same conclusion even if it considered the claim of illness that Strickland made in her memorandum in response to the motion to dismiss. *See Pratt*

---

[2] The EEOC mailed Strickland her Dismissal and Notice of Rights on May 22, 2013. *See Sherlock v. Montefiore Medical Ctr.,* 84 F .3d 522, 526 (2d Cir. 1996) (stating that absent a challenge, it may be assumed that a government agency mailed a notice on the date shown on that notice). It is presumed that she received her notice three days later. *Id*. at 525. Therefore, the ninety-day statute of limitations expired on August 23, 2013.

*v. Corrections Corp. of Am.*, 124 Fed. App'x. 465, 466 (8th Cir. 2005) (considering allegations that plaintiff made in response to motion to dismiss). Equitable tolling is appropriate only when "(1) the plaintiff pursued her claims diligently but (2) some *extraordinary* circumstance stood in her way." *Brinkman*, 251 F. Supp. 3d at 1274. (citation and internal quotations and alternations omitted) (emphasis in original). While "frequently invoked," the doctrine of equitable tolling is applied "only sparingly" in federal court. *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 98 (1990)).

Here, presuming for purposes of this motion that Strickland acted diligently to file her lawsuit after her illness subsided, the Court must conclude that Strickland has not demonstrated the type of extraordinary circumstances that justifies equitable tolling of the relevant statute of limitations. Though the Court is sympathetic to Strickland's situation, a person cannot typically invoke the equitable tolling doctrine based on a claim that poor health prevented her from pursuing her lawsuit. *See e.g.*, *Wells v. Christian Hosp.*, 110 Fed. App'x. 738, 739 (8th Cir. 2004) (per curiam) (concluding that appellant's illness "during the period of time when he was required to file his suit" does not justify equitable tolling); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam) (declining to apply equitable tolling doctrine where appellant claimed poor health prevented her from filing action). Only in "exceptional circumstances," where, for example, the plaintiff has been civilly committed because of mental illness or otherwise found to be mentally incompetent, can a party invoke the equitable tolling doctrine on the grounds of illness. *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008). And though the "exceptional circumstances" standard is a relatively exacting standard to meet for any plaintiff, let alone a pro se plaintiff, its

application is necessary because a lesser requirement that allowed a plaintiff to invoke the equitable tolling doctrine on the grounds of general illness would render the statute of limitations meaningless.

In this case, Strickland only offers the general assertion that her illness made her physically and mentally unable to pursue her claims. She does not provide any specific information regarding her illness, allege that she required extended hospitalization, or contend that her illness made her "incapable of rational thought or unable to determine" what "legal steps" she needed to take to preserve her claims. *Schleicher v. Fabian*, 2008 WL 4104702 *6, No. 07-cv-4207 (D. Minn. Aug. 28, 2008). In fact, Strickland filed her previous lawsuit timely and was able to participate in the legal proceedings regarding that complaint, as she sought an extension from the Court in order to effect service on Defendants. The Court therefore concludes that Strickland has failed to demonstrate the type of exceptional circumstances that justify equitable tolling of the statute of limitations. Accordingly, the Court recommends that Strickland's Title VII claim against Sun Country and Minnesota Airlines be dismissed without prejudice.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 11), be **GRANTED** as follows:

   a. This matter be **DISMISSED WITH PREJUDICE** with regards to John Fredrickson, Matthew Hoiness, and David Johnson**;**

   b. Strickland's ADEA claim be **DISMISSED WITH PREJUDICE** with regards to Sun Country Airlines and Minnesota Airlines; and

c. Strickland's Title VII claim be **DISMISSED WITHOUT PREJUDICE** with regards to Sun Country Airlines and Minnesota Airlines.

Date: December 21, 2018
            *s/ Tony N. Leung*
            Tony N. Leung
            United States Magistrate Judge
            District of Minnesota

            *Strickland v. Sun Country Airlines, et al.*
            Case No. 17-cv-5072 (JNE/TNL)

## <u>NOTICE</u>

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).